UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ROBERT CRUZ-RIVERA,  )<br>  )<br>           Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>"SECHRIST," Marion County Sheriff's Office;  )<br>ROBERT JACKSON, United States Marshal  )<br>Service; NICHOLAS LINDER, United States  )<br>Assistant Attorney General; and DOMINIC  )<br>DAVID MARTIN, Public Defender,  )<br>  )<br>           Defendants.  ) | Case No. 4:21-cv-00087-TWP-DML |

**ORDER DENYING MOTION FOR RELIEF FROM A JUDGMENT**

This matter is before the Court on Plaintiff Robert Cruz-Rivera's ("Cruz-Rivera") "Motion to Reinstate Civil Action" and supplemental "Motion" (Filing No. 13; Filing No. 14).[1] Cruz-Rivera initiated this action against state and federal officials, asserting that his *Bivens* and Section 1983 claims were brought to vindicate his rights protected by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Cruz-Rivera was granted *in forma pauperis* status, and the action was screened pursuant to 28 U.S.C. § 1915(e)(2)(B). Because of a lack of jurisdiction, the Court dismissed the case, and Final Judgment was entered on August 11, 2021 (Filing No. 12). After he was convicted in his related criminal matter, Cruz-Rivera filed the pending Motion for Relief from a Judgment, seeking to set aside the Final Judgment and pursue his civil action. After he was sentenced in his related criminal matter, Cruz-Rivera filed the pending supplemental "Motion." For the reasons set forth below, Cruz-Rivera's Motion for Relief from a Judgment and supplemental Motion are **denied**.

---

[1] While Mr. Cruz-Rivera has titled his Motion a "Motion to Reinstate Civil Action," his Motion is more appropriately characterized and analyzed as a Motion for Relief from a Judgment under Federal Rule of Civil Procedure 60(b).

## I.     BACKGROUND

On May 21, 2021, Cruz-Rivera filed a Complaint and *in forma pauperis* motion (Filing No. 1; Filing No. 2). The Court granted the *in forma pauperis* motion and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (Filing No. 7). In the screening Order, the Court noted,

> [Cruz-Rivera] asserts that his *Bivens* and Section 1983 claims are brought to vindicate his rights protected by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Cruz-Rivera alleges that the Defendants conspired together to deprive him of his constitutional rights leading to a wrongful arrest, wrongful detention, and wrongful prosecution. All the events stem from Cruz-Rivera's alleged failure to register as a sex offender. He seeks compensatory damages, punitive damages, "injunctive relief ordering a full investigation 'request' by the United States Department of Justice," and a "temporary restraining order halting the criminal prosecution of the plaintiff . . . ."

*Id.* at 3 (internal citations omitted). The Court further explained,

> It appears from the Complaint that Cruz-Rivera is bringing constitutional claims for wrongful arrest, wrongful detention, and wrongful prosecution that call into question the validity of the underlying criminal charges pending against him. . . . The underlying criminal charges have not been finally dismissed, and he has not been acquitted, so Cruz-Rivera has not yet obtained a favorable termination of the underlying criminal proceedings against him (see United States of America v. Cruz-Rivera, No. 1:21-cr-160-TWP-DLP). Therefore, his claims have not yet accrued, and his civil action has been brought prematurely. Thus, the Complaint is subject to dismissal for lack of subject-matter jurisdiction.

*Id.* at 4–5.

Consistent with *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013), the Court gave Cruz-Rivera an opportunity to amend his Complaint. On July 28, 2021, an Amended Complaint (Filing No. 9), was filed. The Court screened the Amended Complaint and explained that it did not cure the jurisdictional issue of Cruz-Rivera's claims having not yet accrued and being brought prematurely (Filing No. 11). The action was dismissed for lack of jurisdiction and Final Judgment was entered on August 11, 2021 (Filing No. 11; Filing No. 12).

On December 15, 2021, Cruz-Rivera filed the instant Motion for Relief from a Judgment, asking the Court to set aside the Final Judgment so that he can file a second amended complaint because his related criminal case has concluded in the District Court (Filing No. 13). Then on March 7, 2022, after he was sentenced in his criminal case, Cruz-Rivera filed a supplemental "Motion," asking that the Court allow him to use the full record of the related criminal case in this civil action (Filing No. 14).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Pro. 60(c)(1).

"Relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *United States v. One 1979 Rolls-Royce Corniche Convertible*, 770 F.2d 713, 716 (7th Cir. 1985). A party requesting relief from a final judgment is required to make a strong showing under Rule 60(b) because of the "strong presumption against the reopening of final decisions." *Connecticut Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990).

Rule 60(b) "establishes a high hurdle for parties seeking to avoid [final] judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a [final] judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

### III.   DISCUSSION

Cruz-Rivera asks the Court to set aside the Final Judgment so that he can file a second amended complaint. He explains that "[t]he criminal case that gave rise to the civil action concluded at the end of trial on September 22, 2021. *See United States v. Cruz-Rivera*, No. 1:21-cr-00160-TWP-DLP, DKT. 167." (Filing No. 13 at 1.) Thus, he asserts, "The claims in the civil action at bar have accrued . . . ." *Id.* at 2.

Crus-Rivera is mistaken. The conclusion of trial in Cruz-Rivera's criminal case does not cure the defects of his civil action, which has been closed. The Court's screening Order explained that Cruz-Rivera needed to wait to bring a civil action until a cause of action accrued, *see Savory v. Cannon*, 947 F.3d 409, 414 (7th Cir. 2020), which would occur upon receiving a "favorable termination of his prosecution." *McDonough v. Smith*, 139 S. Ct. 2149, 2156–57 (U.S. 2019). The conclusion of the criminal trial did not solve Cruz-Rivera's problem because the trial did not end with a favorable termination of his prosecution; rather, the trial ended with his conviction, sentence, and his currently pending appeal.

The Supreme Court has held that claims such as Cruz-Rivera's may proceed only if there is a favorable termination of the prosecution. The Supreme Court has stated, "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal . . . ." *Wallace v. Kato*, 549 U.S. 384, 394 (2007). The Supreme Court explained, "one element that must be alleged and proved . . . is termination of the prior criminal proceeding in *favor* of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (emphasis added). The

4

Supreme Court further explained, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 486–87.

None of these conditions exist for Cruz-Rivera. His criminal trial in the District Court concluded with his conviction. He was sentenced to a term of imprisonment. He has appealed his conviction and sentence and that appeal is currently pending. Relief from the Final Judgment in this civil action is not warranted.

### IV.    CONCLUSION

For the reasons stated above, the Court **DENIES** Cruz-Rivera's Motion for Relief from a Judgment and supplemental Motion (Filing No. 13; Filing No. 14). This civil action remains terminated and closed.

**SO ORDERED.**

Date:   4/25/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Cruz-Rivera
Inmate No. 26948-017
FCI COLEMAN MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1032
COLEMAN, FL  33521